CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 18 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNIE RAY ROSENBAUM, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00626 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VA. PAROLE BOARD, et. al., ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff Donnie Ray Rosenbaum, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Rosenbaum alleges that the defendants have wrongfully calculated his term of supervision when he was released in February 2004 on mandatory parole and then miscalculated his term of confinement after he was reincarcerated for a parole violation by refusing to give him credit for good conduct time he had earned during his previous incarceration. Rosenbaum also alleges that he was entitled to appointed counsel for his preliminary hearing on the parole violation charge, since he was ultimately sentenced to eleven years, nine months and 5 days in prison. As relief in this action, he seeks to have his good conduct time restored and to be released immediately on mandatory parole. For reasons explained below, the court files the complaint as a habeas action under 28 U.S.C. §2254 and dismisses it summarily without prejudice, pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

A district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies

1

pursuant to §2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of such a claim. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas. In this case, plaintiff is clearly contesting both the fact and the length of his current confinement in the Virginia prison system. Accordingly, plaintiff's exclusive initial cause of action is in habeas.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not necessarily require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. An inmate challenging parole issues can exhaust state court remedies by filing a state habeas petition with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition. Slayton v. Smith, 404 U.S. 53 (1971).

In this case, the petition offers no indication whatsoever that the claims concerning his parole or his good conduct time have been presented to the Supreme Court of Virginia.

2

Petitioner's failure to demonstrate that he has exhausted state remedies mandates summary dismissal without prejudice of the federal petition,[1] pursuant to Rule 4.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 18th day of October, 2005.

Senior United States District Judge

---

[1] Petitioner may later pursue his claims in a federal habeas petition if he is unsuccessful in obtaining relief from the Supreme Court of Virginia. Petitioner is advised, however, that the time to file state or federal habeas petitions is now limited by statute. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

3

Case 7:05-cv-00626-JCT-mfu   Document 4   Filed 10/18/05   Page 3 of 3   Pageid#: 19